UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FILED IN OPEN COURT
10.22.08
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

UNITED STATES OF AMERICA     :
                             :
v.                           :   CASE NO. 3:08-cr-311-J-32MCR
                             :
MARLOW V. DIXON              :

# PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Brian Albritton, United States Attorney for the Middle District of Florida, and the defendant, Marlow V. Dixon, and the attorney for the defendant, Maurice Grant, mutually agree as follows:

A. **Particularized Terms**

1. Count(s) Pleading To

The defendant shall enter a plea of guilty to Count One of the Indictment. Count One charges the defendant with theft of United States government property, in violation of 18 U.S.C. § 641.

Defendant's Initials MD                                AF Approval BA

2. Maximum Penalties

Count One carries a maximum sentence of 10 years of imprisonment, a fine of $250,000, a term of supervised release of not more than 3 years, and a special assessment of $100, said special assessment to be due on the date of sentencing. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3. Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

| | |
|---|---|
| First: | That the money or property described in the Indictment belonged to the United States; |
| Second: | That the Defendant stole such money or property for his own use or the use of another; |
| Third: | That the Defendant did so knowingly and willfully with intent to deprive the owner of the use or benefit of the money or property so taken; |
| Fourth: | That the money or property had a value in excess of $1,000. |

4. Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States

Defendant's Initials _MQ_    2

Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

5. <u>Acceptance of Responsibility - Two Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

6. <u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. §2461(c), whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, the following: United States Navy aircraft parts and/or any proceeds from the illegal sale thereof. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant also hereby agrees that the forfeiture described herein is not excessive

Defendant's Initials  MB                3

and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense(s) to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(3), the defendant agrees that the preliminary order of forfeiture shall be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.

The defendant agrees to forfeit all interests in the properties described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Defendant further agrees to take all steps necessary to locate property and to pass title to the United States before the defendant's sentencing. To that end, defendant agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above wherever located. The defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by a nominee. The

Defendant's Initials  *MB*                  4

defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

The defendant agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

## B. Standard Terms and Conditions

### 1. Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to

Defendant's Initials _MB_      5

18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987), including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement,

Defendant's Initials _MD_     6

an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4. <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether

Defendant's Initials MB           7

or not such decision is consistent with the government's recommendations contained herein.

    5.    Defendant's Waiver of Right to Appeal and
Right to Collaterally Challenge the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

    6.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

    7.    Filing of Agreement

Defendant's Initials  mɵ    8

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against

Defendant's Initials  MB          9

defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

10. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials MB

10

11. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 20th day of October, 2008.

A. BRIAN ALBRITTON
United States Attorney

_____  By: _____
MARLOW V. DIXON                       RONALD D. DESANTIS
Defendant                             Special Assistant United States Attorney

_____       _____
MAURICE GRANT                         FRANK M. TALBOT
Attorney for Defendant                Assistant United States Attorney
                                      Deputy Chief, Jacksonville Division

Defendant's Initials MD

11

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:08-cr-311-J-32MCR

MARLOW V. DIXON

## PERSONALIZATION OF ELEMENTS

1. Do you admit that the property described in the Indictment, namely, A-4 Skyhawk and P-3 Orion aircraft parts, belonged to the Department of the Navy, a department of the United States?

2. Do you admit that you stole such aircraft parts to your own use or the use of another?

3. Do you admit that you stole the property described in the Indictment knowingly and willfully with intent to deprive the Department of the Navy of the use or benefit of such property?

4. Do you admit that the property described in the Indictment had a value in excess of $1,000?

Defendant's Initials MD                12

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 3:08-cr-311-J-32MCR

MARLOW V. DIXON

## FACTUAL BASIS

During the end of June 2008 and continuing until on or about July 10, 2008, Defendant MARLOW V. DIXON stole a large quantity of usable aircraft parts for the A-4 Skyhawk and the P-3 Orion aircrafts being stored at a United States Navy contractor's warehouse in Clay County, in the Middle District of Florida. The parts were Condition F parts being stored in anticipation of their sale as part of a Foreign Military Sales contract, and were appropriately marked with stickers that clearly stated the parts were property of the United States Navy.

DIXON removed thousands of pounds of aircraft parts from the warehouse and transported them to the backyard of a friend's house near 11th Street in Jacksonville, FL. During the aforementioned time period, DIXON made several trips with his brother to Quick Stop Recycling in Jacksonville to sell the aircraft parts, which were made of aluminum and thus had intrinsic value apart from their functional use. DIXON and his brother scrapped approximately 6,000 lbs. of aircraft parts and received roughly $1300 from Quick Stop Recycling. Although the total value of all missing aircraft parts is approximately $375,000, DIXON is responsible for stealing only a

Defendant's Initials MD

fraction of the missing parts; a fair estimate is that the total book value for the aircraft parts stolen by Dixon is $60,000.

DIXON stole the aircraft parts for himself, had no authority to take the parts from the Orange Park warehouse, and fully intended to deprive the United States Navy of the use of the parts.

Defendant's Initials MD            2